IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02834-MSK-MJW

IRENEUSZ (ERIC) ZASADA,

Plaintiff(s),

v.

ENGLEWOOD POLICE DEPARTMENT,
CITY OF ENGLEWOOD,
THE BOARD OF THE COUNTY COMMISSIONERS OF DOUGLAS COUNTY OF THE STATE OF COLORADO,
DOUGLAS COUNTY SHERIFF'S DEPARTMENT,
SOUTH METRO DRUG TASK FORCE,
SERGEANT KELLY MARTIN, in his individual capacity,
LIEUTENANT TOMMY BARELLA, in his individual capacity,   and
CHIEF TOM VANDERMEE, in his individual capacity,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Defendant South Metro Drug Task Force's Motion to Modify Scheduling Order (docket no. 79) is **DENIED**. This court has previously ordered the parties to seek "private ADR by the discovery cut off date." See paragraph 10 a. in the Scheduling Order (docket no. 30 at 15). I find that paragraph 10 a. in the Scheduling Order (docket no. 30 at 15) directing the parties to seek private ADR by the discovery cut off date was entered consistent with [1] Judge Krieger's Order of Reference (docket no. 2), [2] 28 U.S.C. § 652, and [3] Fed. R. Civ. P. 1. The mere fact that dispositive motions are pending is not a basis for vacating paragraph 10 a. in the Scheduling Order (docket no. 30 at 15). Accordingly, all parties shall participate in private ADR by the discovery cut off date. ADR includes, but is not limited to, mediation, early neutral evaluation, mini-trial, and arbitration as authorized in 28 U.S.C. §§ 654 through 658.

Date:  July 25, 2012